UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT BERGEY,

        Plaintiff,        Case No. 2:15-cv-43

v.        HON. GORDON J. QUIST

LINDA TRIBLEY, et al.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Robert Bergey pursuant to 42 U.S.C. § 1983. Defendants Tribley, Kingforth, Yon and McGuire filed a motion for summary judgment (docket #14) on the ground that Plaintiff failed to exhaust his available administrative remedies. However, only Defendants Yon and McGuire ask for dismissal based upon failure to exhaust administrative remedies. Neither Defendants Tribley or Kingforth move for dismissal or explain why they joined in this motion. Plaintiff filed a response (docket #17). Defendants filed a reply (docket #18) and Plaintiff filed a response to Defendants' reply (docket #21).

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail

as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE,

ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The

Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Plaintiff alleged that Defendant Yon issued a false misconduct ticket against him. Michigan's rule provides that the only avenue for challenging the issuance of major misconduct reports is a hearing: "Decisions made in hearings conducted by hearing officers of the Hearings and

4

Appeals Division of the Office of Policy and Hearing (OPH)" are non-grievable and "shall be rejected by the Grievance Coordinator." P.D. 03.02.130, ¶ F.1. *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011).

Plaintiff asserts that Defendant Yon issued a misconduct ticket to Plaintiff for insolence. Plaintiff did not request a hearing on the misconduct and was found guilty. Decisions made in hearings conducted by the office of policy and hearings, hearings and appeals division, and minor misconduct hearings are nongrievable. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ F(2) (effective March 5, 2007). Prisoners must exhaust a claim based upon a false or retaliatory misconduct by appealing the finding of guilt. A prisoner may not file a grievance on this issue.

Prisoners commonly file grievances pursuant to policy of the Michigan Department of Corrections to exhaust administrative remedies. For example, a prisoner may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement which directly affect the grievant." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (effective 4/28/03). In this case, the grievance procedure is not available to plaintiff. Plaintiff was found guilty of a misconduct after waiving his right to a hearing. Therefore, Plaintiff waived his right to appeal this issue, and accordingly failed to exhaust any claim that could arise out his misconduct charge and conviction.[1] In the opinion of the undersigned, Defendant Yon should be dismissed from this case without prejudice.

---

[1] Decisions made in the prison hearings division are non-grievable. Policy Directive 03.02.130, ¶ F(1). Instead, plaintiff "shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." *See* MICH. COMP. LAWS § 791.255(1). The rehearing request must be made within thirty days after the final decision or order is issued. MICH. COMP. LAWS § 791.254(3).

Defendant McGuire argues that she is entitled to dismissal because Plaintiff never named her in a grievance. Plaintiff submitted two grievances regarding the issues raised in his complaint. OCF-13–09-0493-15g and OCF-13-09-0515-28a. Plaintiff argues that grievance OCF-13-09-0515-28a exhausted his claims against Defendant McGuire. Defendant McGuire argues that although she was named in the Step I grievance in OCF-13-09-0515-28a, that grievance was rejected as a duplicate grievance to OCF-13-09-0493-15g because it was based upon identical conduct. Plaintiff argues that the grievance was improperly rejected because his second grievance named Defendant McGuire as the hearing officer who upheld Defendant Tribley's discriminatory act of rejecting Plaintiff's outgoing mail. Both of Plaintiff's grievances were based upon the rejection of outgoing mail on September 5, 2013. Plaintiff presented his second grievance and again asserted that his outgoing mail was wrongly rejected. Plaintiff's second grievance was rejected as a duplicate grievance. Plaintiff clearly failed to properly present this grievance in accordance with MDOC policy because it was based upon the same conduct as his original grievance. Moreover, it is questionable whether Plaintiff even named or asserted that Defendant McGuire did anything wrong. Defendant McGuire is not named in the portion of the grievance where the prisoner is supposed to "State problem clearly." Plaintiff simply asserted in the portion of the grievance that asks "What attempt did you make to resolve this issue prior to writing this grievance": that "A.R.U.S. Ronda McGuire conducted the Hearing in her office on 9-11-2013, and supported Warden Linda Tribley's decision to reject and destroy my outgoing mail." OCF-13-09-0515-28a, Docket #15-3, Page ID#122. In the opinion of the undersigned, Plaintiff failed to exhaust his administrative grievance remedies against Defendant McGuire.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (docket #14) be granted dismissing Defendants Yon and McGuire without prejudice.

Dated:    10/20/2015              /s/ Timothy P. Greeley
                                  Timothy P. Greeley
                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).