UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT BERGEY #596779,

    Plaintiff,

v.     Case No. 2:15-CV-43

LINDA TRIBLEY and BRENDA     HON. GORDON J. QUIST
KLINGFORTH,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 31, 2016, Magistrate Judge Greeley issued a Report and Recommendation (R & R) in which he recommended that the Court grant Defendants' motion for summary judgment. (ECF No. 41 at PageID.247-48.)  Plaintiff timely filed an objection. (ECF No. 42.)  After conducting a de novo review of the R & R, Plaintiff's Objection, and pertinent portions of the record, the Court concludes that the R & R should be adopted.

This suit stems from Defendants allegedly censoring Plaintiff's outgoing mail. Defendant Tribley is the Warden at Ojibway Correctional Facility.  Tribley put Plaintiff on the prison's "Red Flag" list after Tribley received a complaint from the mother of Plaintiff's minor victim that Plaintiff was attempting to contact that victim through mail communication.  The "Red Flag" list subjected Plaintiff's incoming and outgoing mail to screening to ensure that the mail was not being sent to the victim.  Defendant Klingforth works in the mail room at the prison, and on September 5, 2013, and flagged a piece of Plaintiff's outgoing mail because "the contents of his outgoing mail may interfere with [Plaintiff's] rehabilitation: content contains sexual fantasizing." (ECF No. 1-1 at PageID.10.)  ARUS McGuire conducted a hearing six days later and determined that the piece of mail should be destroyed. (*Id*. at PageID.12.)

Plaintiff sued Tribley, Klingforth, McGuire, and other prison employees, alleging that Defendants violated his First Amendment rights by censoring his mail. Plaintiff's claims as to McGuire and all other Defendants were dismissed for failure to exhaust administrative remedies. (ECF No. 23.) Tribley and Klingforth moved for summary judgment, arguing that (1) the policy of screening of Plaintiff's mail did not violate Plaintiff's First Amendment rights, and (2) they were not personally involved in actually rejecting and destroying the piece of mail in question. (ECF No. 34.) Magistrate Judge Greeley recommended granting Defendants' motion.

"[P]rison policies that regulate outgoing legal mail must [1] further 'an important or substantial governmental interest unrelated to the suppression of expression,' and [2] may not limit prisoners' First Amendment freedoms more than necessary to protect the governmental interest involved." *Washington v. Davis*, 416 F. App'x 563, 564 (6th Cir. 2011) (quoting *Procunier v. Martinez*, 416 U.S. 396, 413–14, 94 S. Ct. 1800, 1811 (1974) *overruled in part by Thornburgh v. Abbott*, 490 U.S. 401, 109 S. Ct. 1874 (1989)). Screening Plaintiff's mail satisfies the first requirement, as rehabilitation and preventing a prisoner from harassing victims are valid governmental interests. See *Martinez*, 416 U.S. at 412, 94 S. Ct. at 1811 ("The identifiable governmental interests at stake in this task are the preservation of internal order and discipline, the maintenance of institutional security against escape or unauthorized entry, and the rehabilitation of the prisoners.") (footnote omitted). Defendants satisfied the second requirement because Plaintiff's mail was inspected piece-by-piece, Defendants only flagged the mail that contained sexually explicit content, and the mail was finally rejected only after a hearing attended by Plaintiff.

Plaintiff's central contention is that summary judgment is inappropriate because Defendants have not produced a copy of the letter in question, leaving an issue of fact as to

2

whether rejecting the mail actually furthered a governmental interest. (ECF No. 42 at PageID.251.) Whether or not an "as-applied" challenge to the screening has any merit, Defendants were not sufficiently personally involved in the rejection of the mail. "Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). ARUS McGuire has been dismissed from the case on other grounds. Defendant Tribley merely placed Plaintiff on the "Red Flag" for legitimate reasons, and Defendant Klingforth merely flagged a suspicious piece of outgoing mail for further review.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation issued on August 31, 2016 (ECF No. 41) is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 34) is **GRANTED**.

A separate judgment shall issue

This case is concluded.

Dated: December 27, 2016                                    /s/ Gordon J. Quist
                                                                           GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE